IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOY DAY S., /o/b/o | : |  |
| STEELE JOAO S., II,[1] | : | CIVIL ACTION |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| FRANK BISIGNANO,[2] | : | No. 23-792 |
| Commissioner of Social Security, | : |  |
| Defendant, | : |  |
|  | : |  |

**MEMORANDUM OPINION**

**PAMELA A. CARLOS**                                              **May 6, 2026**
**U.S. MAGISTRATE JUDGE**

Plaintiff Joy Day S. seeks to challenge the Social Security Administration's decision to deny her son's application for social security disability benefits. But the Commissioner of Social Security has moved to dismiss her appeal on the grounds that it was untimely filed. After careful review, I agree with the Commissioner that the appeal in this matter is untimely and, therefore, the motion to dismiss is **GRANTED.**

---

[1] Although Joy S. lists herself as the plaintiff in her *pro se* complaint, it is evident from the remainder of her answers in the form complaint that she intends to appeal on behalf of her son. *See* Doc. No. 1. The caption has been updated to reflect that reality.

However, it should be noted that "[a]lthough an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Phila.*, 901 F.3d 169, 170 (3d Cir. 2018). This is true even in cases involving parents and their children. *See, e.g.*, *Phinisee v. United States*, No. 10-1253, 2018 WL 347580, at *1 (E.D. Pa. Jan. 10, 2018) (Lloret, M.J.) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." (quoting *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991)). Therefore, the fact that Plaintiff is attempting to bring this appeal on behalf of her son is an additional, independent ground for dismissing the present suit. *Id.*

[2] Frank J. Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank J. Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    BACKGROUND

In April 2020, Plaintiff's son, Steele S., applied for social security benefits, alleging that his disability began when he was a child in October 2015. *See* Doc. No. 8-1, at 8. His disability claim was initially denied on August 17, 2020, and again on reconsideration on December 17, 2020. *See id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and a telephone hearing was held on August 19, 2021. *See id.* After this hearing, on November 3, 2021, the ALJ issued a written decision denying Plaintiff's claim. *See id.* at 8–24. More than a year later, on December 9, 2022, the Appeals Council denied Plaintiff's subsequent request for review, meaning the ALJ's written opinion became the final decision of the Commissioner. *See id.* at 29–32.

Nearly three months later, on February 27, 2023, Plaintiff appealed this denial.[3] *See* Doc. No. 1. Instead of filing an answer (or the administrative record in lieu of the answer), the Commissioner moved to dismiss the appeal on the grounds that it was untimely filed. *See* Doc. No. 8. Plaintiff had fourteen days to respond, but as of the date of this memorandum opinion (and despite my order for her to respond), she has not done so. *See* Doc. No. 9. Accordingly, this matter is ready for resolution.[4]

---

[3] Since the Plaintiff is proceeding *pro se*, I have liberally interpreted her filings throughout this memorandum opinion. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

[4] The parties were advised of the availability of a United States Magistrate Judge to oversee this matter and conduct all proceedings, including the entry of a final judgment pursuant to 28 U.S.C. § 636(c). The Commissioner has provided the Court with a general consent for all social security cases. Plaintiff was directed to return a form indicating whether or not she too consented to have me conduct all proceedings in this matter. *See* Doc. No. 4. At that time, she was warned that failure to file the form at all may be deemed as consent. *Id.* Despite being reminded in a follow-up order, *see* Doc. No. 7, Plaintiff never filed the form, and therefore I found that she has consented to my jurisdiction, *see* Doc. No. 9.

## II.    STANDARD OF REVIEW

Normally, any affirmative defense not listed in Rule 12(b) must be asserted in a party's answer. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Although the statute of limitations is not one such defense, the Third Circuit has carved out an exception that allows defendants to raise statute-of-limitations defenses in motions to dismiss, provided that "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[5] *Id.*

On review of a motion to dismiss, district courts are only permitted to consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). All well-pleaded factual allegations contained in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc.*, 730 F.3d 263, 268 (3d Cir. 2013). But "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation" need not be accepted. *Id.*

## III.    DISCUSSION

The Social Security Act requires claimants who seek judicial review of an ALJ's unfavorable decision to file a civil action within sixty days of receiving notice of a final decision, "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This limitations period furthers both the traditional purposes of all statutes of limitations and the specific purpose to expeditiously resolve the vast number of social security claims that

---

[5] This exception is commonly referred to as the "Third Circuit Rule." *See Robinson*, 313 F.3d at 135.

are filed each year.[6] *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). With this in mind, the Supreme Court has advised that the Social Security Act's statute of limitations period must be "strictly construed." *See id.* at 479.

Even so, there are still limited scenarios where the statute of limitations may be equitably tolled. *Id.* at 480; *see also Kramer v. Commissioner of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (not precedential) (acknowledging Supreme Court's warning that equitable tolling should only be "applied sparingly"). "While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). The Third Circuit has recognized that equitable tolling may be appropriate where: (1) "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action"; (2) "the plaintiff in some extraordinary way has been prevented from asserting his or her rights"; or (3) "the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Kramer*, 461 F. App'x at 169 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).[7] It is ultimately the claimant's burden of establishing circumstances that justify equitable tolling. *See Cardyn v. Comm'r of Soc. Sec.*, 66

---

[6] "As we explained in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974), statutory limitation periods are: 'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them' (quoting *Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49 (1944))." *Bowen*, 476 U.S. at 481 n.13.

[7] The Third Circuit has also recognized that equitable tolling may also be warranted in cases where the claimant has alleged "that she failed to timely appeal because she was unable to comprehend her right to judicial review as a result of a mental impairment." *Cardyn v. Comm'r of Soc. Sec.*, 66 Fed. App'x 394, 398 n.2 (3d Cir. 2003) (not precedential).

F. App'x 394, 397 (3d Cir. 2003) (not precedential) (citing *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997)).

Here, Plaintiff filed her social security appeal two weeks after the statute of limitations had run. The calculation is fairly straightforward: the Appeals Council informed Plaintiff of its final decision on December 9, 2022. *See* Doc. No. 8-1, at 29–31. Since Plaintiff has not indicated that she received the letter at a later date,[8] the sixty-day limitations clock began ticking five days later on December 14, 2022. *Id.* at 30 (advising Plaintiff that the sixty-day limitations period began five days after the date of the letter unless she shows that the letter was received beyond that time); *see also Cardyn*, 66 Fed. App'x at 396–97 ("For purposes of computing [the limitations start date], the regulation further provides that 'the date of receipt of notice of denial . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary). This meant that Plaintiff had until February 13, 2023, to timely appeal.[9] However, Plaintiff waited two weeks beyond this deadline—until February 27, 2023—to initiate this action, making her appeal untimely. *See* Doc. No. 1.

Moreover, equitable tolling cannot save Plaintiff's appeal. Importantly, she has not alleged, nor do I independently find, any circumstances justifying such relief. Plaintiff was clearly informed that she only had sixty days to appeal the unfavorable decision from the Appeals Council and preserve her rights. *See* Doc. No. 8-1, at 29–31. Yet she missed this deadline without any explanation. Tellingly, she did not even respond to the Commissioner's motion to dismiss even after being directed to do so by the Court. *See* Doc. No. 9 (directing

---

[8] Nor has she shown that she requested an extension of this deadline from the Appeals Council.

[9] To be precise, sixty days following December 14, 2022, fell on Sunday, February 12, 2023. Under the Federal Rules of Civil Procedure, the deadline was extended to the next business day—Monday, February 13, 2023. *See* FED. R. CIV. P. 6(a)(1)(C).

Plaintiff to respond to motion to dismiss). Accordingly, there is no basis to equitably toll

Plaintiff's appeal, and therefore it must be dismissed as untimely.

**IV.    CONCLUSION**

For the reasons explained above, the Commissioner's motion to dismiss is **GRANTED**.

Plaintiff did not timely initiate this action, and there are no grounds to equitably toll the deadline.

Therefore, this matter is **DISMISSED as untimely filed.** An appropriate order follows.

BY THE COURT:

_s/Pamela A. Carlos_____
PAMELA A. CARLOS
U.S. Magistrate Judge

6